# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

CARINA BACA,

      Plaintiff,

v.                                                                                                      No. CV 17-449 CG

ANDREW SAUL,
Commissioner of the Social Security
Administration,

      Defendant.

## ORDER GRANTING ATTORNEY FEES PURSUANT TO 42 U.S.C. § 406(b)

**THIS MATTER** is before the Court on Plaintiff Carina Baca's *Motion for Order Authorizing Attorney Fees Pursuant to 42 U.S.C. 406(B) and Supporting Memorandum* (the "Motion"), (Doc. 22), filed January 7, 2020; and Defendant Commissioner's *Response to Plaintiff's Motion for Attorney Fees under 42 U.S.C. § 406(b)* (the "Response"), (Doc. 23), filed January 9, 2020. Ms. Baca did not file a Reply in support of her Motion and the time for doing so has now passed. *See* D.N.M. LR-Civ. 7.4(a) (explaining a "reply must be served within fourteen (14) calendar days after service of the response.").

In the Motion, Ms. Baca's attorney, Laura Johnson, moves the Court for an order authorizing attorney fees in the amount of $24,906 for legal services rendered before this Court. (Doc. 22 at 1). In his Response, the Commissioner explains that while he "generally takes no position on such petitions," he brings to the Court's attention that counsel is requesting "attorney fees at the rate of $1,025 per hour," an amount "well in excess of the hourly rate that courts determined to be reasonable in the cases that Plaintiff's counsel cites." (Doc. 23 at 3). Having reviewed the Motion, the relevant law,

and being otherwise fully advised in the premises, the Court finds Ms. Baca's Motion shall be **GRANTED**.

**I.    Procedural Background**

Ms. Baca instituted an action in this Court on April 12, 2017, seeking judicial review of the Commissioner's denial of her applications for disability insurance benefits and supplemental security income. (Doc. 1 at 1); (Doc. 14 at 3). On December 6, 2017, the Commissioner concurred in Ms. Baca's request for a remand, (Doc. 16), and the Court granted the parties' unopposed motion to remand, (Doc. 17). As a result, Ms. Baca's applications were remanded to the Commissioner for further proceedings. (Doc. 18).

On remand, Defendant Commissioner determined Ms. Baca was disabled, entered a fully favorable decision, and awarded her past-due benefits in the amount of $123,624.00. (Doc. 22-1 at 15). On March 5, 2018, Ms. Baca's attorney applied for, and was awarded, Equal Access to Justice Act ("EAJA") fees for her work performed before this Court, totaling $4,762.80. (Doc. 20 at 1). Now, Ms. Baca's attorney seeks an award of $24,906.00, approximately 20 percent of the total past-due benefits awarded to Ms. Baca. *Id.* at 5.

**II.   Analysis**

When a court renders a judgment favorable to a Social Security claimant who was represented before the court by an attorney, the court may allow "a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled." 42 U.S.C. § 406(b)(1)(A). Unlike EAJA fees, which are paid in addition to past-due benefits, § 406(b) fees are paid out of the past-due benefits.

2

*Wrenn ex rel. Wrenn v. Astrue*, 525 F.3d 931, 933-34 (10th Cir. 2008). If fees are awarded under both the EAJA and § 406(b), the attorney must refund the lesser award to the claimant. *Id.* at 934. The court may award fees under § 406(b) when "the court remands a . . . case for further proceedings and the Commissioner ultimately determines that the claimant is entitled to an award of past-due benefits." *McGraw v. Barnhart,* 450 F.3d 493, 495-96 (10th Cir. 2006).

Although § 406(b) does not prohibit contingency fee agreements, it renders them unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits. *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). Section 406(b) also requires the court to act as "an independent check" to ensure that fees are reasonable even if they are less than 25 percent of past-due benefits, because there is no presumption that 25 percent is reasonable. *Id.* at 807, n.17. Counsel has the burden of demonstrating the reasonableness of the fees. *Id.* at 807.

The reasonableness determination is "based on the character of the representation and the results the representative achieved." *Gisbrecht*, 535 U.S. at 808. Factors relevant to the reasonableness of the fee request include: (i) whether the attorney's representation was substandard; (ii) whether the attorney was responsible for any delay in the resolution of the case; and (iii) whether the contingency fee is disproportionately large in comparison to the amount of time spent on the case. *Id.* A court may require the claimant's attorney to submit a record of the hours spent representing the claimant and a statement of the lawyer's normal hourly billing rate for non-contingency fee cases. *Id.* The statute does not specify a deadline for requesting fees. *See* 42 U.S.C. § 406(b). The Tenth Circuit Court of Appeals, however, has held

that a request "should be filed within a reasonable time of the Commissioner's decision awarding benefits." *McGraw,* 450 F.3d at 505.

Here, counsel obtained a fully favorable decision for Ms. Baca upon remand. (Doc. 22-1 at 1). In addition, the instant motion was filed within three months of Ms. Baca receiving notice that she was entitled to past-due benefits, an amount of time the Court finds to be reasonable. *See id.* at 13 (awarding past-due benefits on November 2, 2019). Moreover, the requested fee for services performed in connection with this case is within the 25-percent cap imposed by § 406(b). The requested fee is also not disproportionately large in comparison to the amount of time spent on the case, particularly given counsel's experience working on Social Security cases. *See id.* at 18. Specifically, counsel documented 24.3 total hours in representing Ms. Baca before this Court, for an hourly rate of roughly $1,025.00. *Id.* at 19.

The Court has considered the Commissioner's contention that counsel's hourly rate is higher than that ordinarily awarded under similar circumstances. *See* (Doc. 23 at 3). The Court agrees that counsel's hourly rate is high, but the factors in support of the fee agreement outweigh any argument supporting unreasonableness. In particular, Ms. Baca agreed to pay counsel up to 25 percent of her award of past-due benefits. (Doc. 22-1 at 20). The Court is compelled to honor this contract, absent a showing of bad faith or capriciousness, to ensure that future Social Security claimants with legally recognized disabilities are afforded competent and zealous representation. In addition, Ms. Baca's counsel has over thirty years of legal experience, much of which were spent practicing Social Security law. *Id.* at 18. Thus, while the hourly rate is higher than that ordinarily awarded, counsel's experience and skill is commensurate with this higher

rate.

In addition, because of counsel's experience in litigating Social Security disputes, it took limited time and resources to litigate the present case, only 24.3 hours. *See Bigsby v. Colvin*, Civ. 12-1207 CG (Doc. 31) (finding fee award for 37.33 hours reasonable); *Arellanes v. Colvin*, Civ. 12-1178 KBM (Doc. 32) (finding fee award for 36.76 hours reasonable); *Dimas v. Astrue*, Civ. 03-1157 RHS (Doc. 34) (finding fee award for 38.26 hours reasonable). The higher hourly rate therefore compensates for the fewer number of hours counsel had to expend in order to get a successful outcome, the result of years of practice before the federal courts. The Court is not inclined to punish counsel for working efficiently and charging a higher rate because of their ability to do so. Finally, the Court notes that while counsel's hourly rate is high, the overall fee award is within the fee range found to be reasonable in this district. *See, e.g.*, *Sanchez v. Colvin*, Civ. 16-1126 KRS (Doc. 30) (awarding $31,306.00); *Salazar v. Berryhill*, Civ. 14-283 KRS (Doc. 30) (awarding $19,442.25); *Bigsby*, Civ. 12-1207 CG (Doc. 31) (awarding $21,839.00).

In conclusion, the Court agrees with the Commissioner that counsel's hourly rate is high. However, the hourly rate is weighed against counsel's experience, Ms. Baca's consent to the executed fee agreement, the policy reasons advanced by § 406(b), and the other fee awards granted in this district. Having analyzed each of these factors and others pertinent to this dispute, the Court finds the requested fee award is reasonable.

## III. Conclusion

**IT IS THEREFORE ORDERED** that Ms. Baca's *Motion for Order Authorizing Attorney Fees Pursuant to 42 U.S.C. 406(B) and Supporting Memorandum*, (Doc. 22),

5

shall be **GRANTED**. Ms. Baca's counsel is awarded $24,906.00 for legal services performed before this Court, to be paid from Ms. Baca's past-due benefits previously withheld by the Commissioner. Ms. Baca's counsel is further directed to refund $4,762.80 to Ms. Baca, the amount awarded under EAJA. *See Weakley v. Bowen*, 803 F.2d 575, 580 (10th Cir. 1986) (explaining that when an attorney is awarded both EAJA fees and fees under § 406(b), the attorney must refund the amount of the smaller fee to the claimant).

    **IT IS SO ORDERED**.

                                      THE HONORABLE CARMEN E. GARZA
                                      CHIEF UNITED STATES MAGISTRATE JUDGE